# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                  Plaintiff,         :        Case No. 3:16-cr-127
                                               Also 3:19-cv-369

                                               District Judge Thomas M. Rose
       -  vs  -                       Magistrate Judge Michael R. Merz

DONALD MAY,

                  Defendant.        :

---

## REPORT AND RECOMMENDATIONS

---

This is an action on a Motion to Vacate under 28 U.S.C. § 2255, brought *pro se* by Defendant Donald May to challenge his conviction in this Court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In Ground One, May pleads that he "was not aware that he was prohibited from possessing a firearm and in Ground Two that the Statement of Facts on which he was convicted is insufficient to support a conviction.

The case is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Motions which provides in pertinent part that if it plainly appears to the judge performing that review that the moving party is not entitled to relief, the judge must dismiss the motion. § 2255 Cases are assigned by law to the judge who conducted the trial and imposed sentence. The case was assigned initially to District Judge Thomas Rose who imposed sentence in the case. By

General Order Day 13-01, the Dayton District Judges have referred all § 2255 motions to the undersigned for initial review.

**Litigation History**

May was arrested on an Amended Complaint charging him with violating 18 U.S.C. § 922(g) by being a felon in possession of a firearm (ECF No. 5, PageID 7). After waiving preliminary hearing, he was bound over to the grand jury (ECF Nos. 16, 17). On December 6, 2016, he entered into a Plea Agreement with the United States (ECF No. 26) under which he agreed to waive indictment and plead guilty to an Information charging one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Pursuant to the Plea Agreement Judge Rose conducted a plea colloquy, found that the guilty plea was knowing, intelligent, and voluntary, and accepted May's plea of guilty (Minutes, ECF No. 28). The Plea Agreement included an agreed sentence of seventy-two months (ECF No. 26, PageID 45). After reviewing a Presentence Investigation Report, Judge Rose imposed that sentence on March 20, 2017 (ECF No. 36, 37). May took no appeal and filed no post-trial motions in the case until he filed the instant Motion to Vacate on November 21, 2019.

# Analysis

## Statute of Limitations

Under 28 U.S.C. § 2255(f), a one-year statute of limitations applies to motions to vacate under that section. The year begins to run from the date the conviction becomes final, unless some other later date applies. May's time to appeal expired fourteen days after judgment was entered or on April 3, 2017. Thus his time to file expired April 4, 2018, unless he is entitled to a later start date.

In his Motion, May claims the benefit of § 2255(f)(3) which provides the statute of limitations begins to run "on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." May asserts his claim "contains a new rule of Constitutional Law made retroactive to cases on collateral review by the United States Supreme Court" and relies on *Rehaif v. United States,* 139 S. Ct. 2191 (Jun. 21, 2019). Because May filed on November 20, 2019, less than a year after *Rehaif* was decided, his Motion would be timely if Rehaif had recognized a new constitutional right and made it retroactive. However, *Rehaif* did neither of those two things.

First of all, *Rehaif* did not recognize any new constitutional right. Instead, *Rehaif* reversed the conviction of a person convicted under 18 U.S.C. § 922(g)(5) for being an alien unlawfully in the country and possessing a firearm. Rehaif had been convicted by a jury which was instructed that the Government did not have to prove he knew he was in the country illegally. The Supreme Court interpreted the *mens rea* requirement of "knowingly" which

appears in 18 U.S.C. § 924 as required to be proved beyond a reasonable doubt as to most of the

elements of a 922(g) conviction.  It held:

> The term "knowingly" in §924(a)(2) modifies the verb "violates"
> and its direct object, which in this case is §922(g).  The proper
> interpretation of the statute thus turns on what it means for a
> defendant to know that he has "violate[d]" §922(g). With some
> here-irrelevant omissions, §922(g) makes possession of a firearm
> or ammunition unlawful when the following elements are satisfied:
> (1) a status element (in this case, "being an alien . . . illegally or
> unlawfully in the United States"); (2) a possession element (to
> "possess"); (3) a jurisdictional element ("in or affecting
> commerce"); and (4) a firearm element (a "firearm or
> ammunition").
>
> . . . by specifying that a defendant may be convicted only if he
> "knowingly violates" *§922(g)*, Congress intended to require the
> Government to establish that the defendant knew he violated the
> material elements of *§922(g)*.

139 S. Ct. at 2195-96.  Certainly *Rehaif* embodies a new rule of criminal procedure, but it is not

a constitutional rule, but rather a rule of statutory interpretation.

Moreover, the Supreme Court did not make its new rule retroactively applicable to cases

on collateral review.[1]  The Court does not discuss retroactivity at all in *Rehaif*.  The Supreme

Court has a general rule by which we can determine that question, however.  Subject to two

narrow exceptions, a case that is decided after a defendant's conviction and sentence become

final may not provide the basis for federal habeas relief if it announces a new rule.  *Graham v.

Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S.

288 (1989).

---

[1] Direct review is the review that occurs on direct appeal to the circuit court of appeals and ultimately, if they accept
jurisdiction, to the United States Supreme Court.  Collateral review occurs on a motion to vacate under § 2255 or a
motion for new trial.

"Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. at 396. A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). The rule in *Crawford v. Washington,* 541 U.S. 36 (2004), is a new rule, but does not fall within the "watershed" exception to *Teague*. *Whorton v. Bockting*, 549 U.S. 406 (2007). As of February 28, 2007, the date *Whorton* was decided, the only rule the Supreme Court has identified as qualifying under the "watershed" exception is that adopted in *Gideon v. Wainwright,* 372 U.S. 335 (1963). There is no doubt that *Rehaif* announces a new rule: virtually every circuit court had ruled to the contrary. It is not a substantive rule: it does not place certain conduct outside the power of the state to punish. Instead it is a procedural rule dictating that the Government must prove a defendant acted knowingly when he or she violated § 922(g). Because *Rehaif* does not apply retroactively to cases like this one on collateral review, it does not provide a basis for relief.

Because May's conviction became final before *Rehaif* was decided, it is not applicable to his case and therefore does not extend the statute of limitations. The Motion to Vacate should be denied because it is barred by the statute of limitations.

**Waiver**

May's Motion to Vacate should also be dismissed because he voluntarily gave up his right to collaterally attack his conviction when he signed and then agreed in open court to the Plea Agreement. Paragraph 14 of the Plea Agreement reads:

### WAIVER OF APPELLATE AND COLLATERAL ATTACK RIGHTS

> 14. Defendant waives his right to appeal , including the appeal right conetrred by 18 U.S.C. § 3742, except that Defendant retains the right to appeal if the United States files an appeal, or if the District Court imposes a sentence above the statutory maximum . Defendant waives his right to attack her conviction or sentence collaterally through a post-conviction proceeding, including proceedings under 28 U.S.C. § 2255 and 18 U.S.C . § 3582. The waivers set forth in this paragraph do not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). This waiver also precludes attacks based on new law, e.g., claims under *Johnson v. United States*. *In re: Garner*, Case No. 16-1655, 2016 U.S. App. LEXIS 19996 (6th Cir. Nov. 2, 2016).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Defendant's Motion

to Vacate under 28 U.S.C. § 2255 be dismissed with prejudice.  Because reasonable jurists would

not disagree with this conclusion, Petitioner should be denied a certificate of appealability and

the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and

therefore should not be permitted to proceed *in forma pauperis*.

November 22, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report
and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen
days because this Report is being served by mail. Such objections shall specify the portions of
the Report objected to and shall be accompanied by a memorandum of law in support of the
objections. A party may respond to another party's objections within fourteen days after being
served with a copy thereof.  Failure to make objections in accordance with this procedure may
forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v.
Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).