# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:16-cr-127
                                      Also 3:19-cv-369

                                      District Judge Thomas M. Rose
  - vs -                           Magistrate Judge Michael R. Merz

DONALD MAY,

        Defendant.    :

---

## REPORT AND RECOMMENDATIONS ON POST-JUDGMENT OBJECTIONS

---

This § 2255 action is before the Court on Defendant's Objections (ECF No. 44) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Motion with prejudice under Rule 4 of the Rules Governing § 2255 Motions the "Report," (ECF No. 41).

The Report was filed on November 25, 2019, and sent to Defendant the same day. The Report advised Defendant that he had seventeen days within which to object, or until December 12, 2019 (ECF No. 41, PageID 110). Defendant's Objections were not received and docketed by the Clerk until December 19, 2019. Because no objections had been received within the time provided, the District Judge adopted the Report and entered judgment dismissing the case on December 18, 2019 (ECF Nos. 42, 43).

As an incarcerated person, Defendant is entitled to a filing date which is the same as the date he deposited his Objections in the prison mailing system. *Houston v. Lack,* 487 U.S. 266

1

(1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). May does not provide that date, nor does the envelope in which he mailed the Objections contain a postmark. However, he does assert that he signed the objections on December 5, 2019. Thus although the Objections were not received early enough to be considered before judgment was entered, they can be considered as a timely motion to amend the judgment under Fed.R.Civ.P. 59(e). This Report will proceed on that basis.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp*., 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

The Report concluded May's Motion was barred by the one-year statute of limitations on § 2255 motions. May had argued his Motion was timely because *Rehaif v. United States,* 139 S. Ct. 2191 (Jun. 21, 2019), had adopted a new rule of constitutional law made retroactive to cases

2

on collateral review. The Report noted, however, that *Rehaif* had not recognized any new constitutional right at all.

In his Objections, May admits that *Rehaif* did not recognize any new constitutional right (ECF No. 44, PageID 113). Instead, he claims what it did

> was expose a fundamental Constitutional violation that had been common practice in most 922(g) convictions. It brought to light a violation of Defendant's due process by the Government. *Rehaif* fortunately brought to light the accused's innocence [sic] and as such there can be no limits placed on discovery by the Supreme Court that some individuals convicted of 922(g), are actually innocent.

*Id.* at PageID 113-14.

Expanding this argument, May claims that there cannot be a statute of limitations on a claim of actual innocence: "retroactivity is not even a question, but a right of the innocent." *Id.* This is simply not true. To the extent May is claiming he is entitled to relief because he is actually innocent, the Supreme Court has repeatedly refused to recognize a freestanding constitutional right to release based on actual innocence. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). If actual innocence is not a basis for release, it follows logically that Congress can put a time limit on making claims of actual innocence (or any other claim) which it did in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

Second, May argues that the Supreme Court has repeatedly applied new rules retroactively without even discussing that issue (Objections, ECF No. 44, PageID 115-16). That is true, but those cases are no longer good law. Later Supreme Court case law holds that, subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule.

*Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989). A principal reason for the decision in *Teague* was to provide a principled basis for distinguishing those Supreme Court decisions which were to be applied retroactively and those that were not.

The only post-*Teague* case cited by May is *In re Sardinas*, 2019 U.S. App. LEXIS 30313 (11th Cir. Oct. 9, 2019). The *Sardinas* court expressly held *Rehaif* did not apply retroactively:

> His reliance on *Rehaif* as a new rule of constitutional law is misplaced because *Rehaif* did not announce a new rule of constitutional law, and, even if it did, the Supreme Court has not made the rule announced in *Rehaif* retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h). *11

Because *Rehaif* did not announce a new rule of constitutional law retroactively applicable to cases on collateral review, May's Sec. 2255 Motion was appropriately dismissed as untimely filed; there was no error of law in doing so.

Even if his Sec. 2255 Motion had been timely filed, it would be without merit. As the Report notes, May waived his right to file a collateral attack on his conviction when he signed the Plea Agreement with that provision in it. He asserts in his Objections that there was an insufficient factual basis in the Statement of Facts on which to base a conviction. The Magistrate Judge disagrees, but the key point is that by waiving collateral attack, May gave up his opportunity to raise this issue by a motion to vacate. May has accepted the benefits conferred by the Plea Agreement and must also accept the burdens, including waiver of collateral attack.

Conclusion

Based on the foregoing analysis, it is respectfully recommended that May's Objections, construed as a motion to amend the judgment under Fed.R.Civ.P. 59(e), be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that May be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 22, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.