# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:16-cr-127
                                 Also 3:19-cv-369

                                 District Judge Thomas M. Rose
  - vs -                         Magistrate Judge Michael R. Merz

DONALD MAY,

        Defendant.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON POST-JUDGMENT OBJECTIONS

This § 2255 action is before the Court on Defendant's Objections (ECF No. 47) to the Magistrate Judge's Report and Recommendations on Post-Judgment Objections which recommended that those Objections, considered as a motion to amend the judgment under Fed.R.Civ.P. 59(e), be overruled (ECF No. 45). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 48).

Accepting the Magistrate Judge's characterization of his Post-judgment Objections as a "timely motion to amend under Fed.R.Civ.P. 59(e)" (Second Report, ECF No. 45, PageID 120), May argues his Objections meet the standard for relief under that Rule.

May asserts there is a clear error of law in the judgment because the United States failed to include the "knowledge" element in the Statement of Facts for conviction (Objections, ECF No. 47, PageID 125, relying on *Rehaif v. United States,* 139 S. Ct. 2191 (Jun. 21, 2019)). In the

1

original Report and Recommendations in this case ("First Report," ECF No. 41; adopted at ECF Nos. 42,43), the Magistrate Judge noted May's reliance on *Rehaif* and his claim that that decision entitled him to a new start date for the limitations period on § 2255 motions under §2255(f)(3). The Magistrate Judge disagreed, noting that *Rehaif* did not announce a new rule of constitutional law and did not make its decision retroactive. *Id.* at PageID 106-07. The Report therefore recommended dismissal of May's § 2255 Motion as barred by the statute of limitations. *Id.* at PageID 109.

In his instant Objections, May concedes that *Rehaif* announced a new rule of statutory construction, not constitutional law (ECF No. 47, PageID 127). Moreover, he does not suggest that the Supreme Court itself made *Rehaif* retroactively applicable to cases on collateral review, but rather that this Court should find *Rehaif* retroactive, based on the Supreme Court's retroactivity jurisprudence. *Id.* But both of those points make § 2255(f)(3) inapplicable. Without a new constitutional decision made retroactive by the Supreme Court itself, § 2255(f)(3) simply does not apply to restart the statute of limitations. Without the benefit of § 2255(f)(3), the one-year statute ran in this case on April 4, 2018, one year after the conviction became final. There was no manifest error of law in dismissing May's Motion to Vacate.

In the alternative, May argues he meets the newly-discovered evidence prong of the Rule 59(e) standard in that *Rehaif's* retroactivity is newly-discovered. Even if this counted as newly-discovered evidence, the discovery was not made between the time of judgment and the time May's 59(e) motion was filed.

As a second alternative, May relies on his claim that he is actually innocent (Objections, ECF No. 47, PageID 126). Proof of actual innocence can excuse a failure to timely file in habeas corpus. *McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013). However, the actual innocence in

question "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To apply that distinction to this case, May has not produced new evidence that he did not possess a firearm at the relevant time or that he had not previously been convicted of a felony.

Aside from the statute of limitations, the Report recommended dismissal because May had waived any right to collaterally attack his conviction (Report, ECF No. 41, PageID 109, quoting Plea Agreement, ECF No. 26, PageID 48, ¶ 14). May makes no comment on this point. This was also, and independently, a basis for dismissal.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again recommends that Defendant's Post-Judgment Objections be overruled. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 7, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.