**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:16-cr-00127 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DONALD MAY, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE (DOC. 51)**

---

This case is before the Court on the Motion for Compassionate Release (Doc. 51) (the "Motion"), filed by Donald May ("May"). May is currently incarcerated at Victorville United States Penitentiary ("USP") in San Bernardino County, California. He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him "reduction or modification of sentence pursuant to 18 U.S.C 3582 (c)(1)(A)(i) and or 3582 (c)(1)(B) [, a]nd the First Step Act (FSA) of 2018." (Doc. 51 at PAGEID # 136.) May also filed various documents in support of the Motion. (Doc. 57.) The United States (the "Government") filed a Response to the Motion (Doc. 60) (the "Response"), in which the Government opposes the Motion and asks the Court to deny it. May then filed a reply in support of the Motion. (Doc. 62.) The matter is ripe for review.[1] For the reasons discussed below, the

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative

Court **DENIES** May's Motion.

## I.       BACKGROUND

On October 17, 2016, the Government filed a single-count Superseding Information against

May, charging him with violating 18 U.S.C. §§ 922(g) and 924(a)(2) for knowingly possessing a

firearm in and affecting commerce.  (Doc. 24.)  On December 6, 2016, pursuant to a plea

agreement, May pleaded guilty to the charge.  Regarding the offense, on August 6, 2016, May was

found by Springfield, Ohio police officers sitting in the driver's seat of a reportedly stolen vehicle.

After May refused to comply with officers' requests to exit the vehicle, the officers attempted to

remove him.  During this attempt, May swung his elbow at one officer and took off running into a

nearby yard.  The officers were eventually able to catch up with May and arrest him.  Officers

found a 9x19mm caliber pistol near the center console of the vehicle.  May admitted the firearm

was his and that he possessed it in connection with his drug trafficking activity.  In addition to the

firearm, officers found multiple cell phones, cash, and small distribution amounts of heroin and

cocaine (in small baggies) on May.  At the time of the offense, May was prohibited from possessing

a firearm because he had been previously convicted of a felony offense.  More specifically, May

had been convicted of aggravated robbery and burglary in 2003.

The Final Presentence Investigation Report ("PSI") provided additional information about

the circumstances of the offense.  (PSI ¶¶ 15-25.)  It also identified approximately fourteen prior

adult criminal convictions and numerous other minor convictions for May.  (*Id.*)  May's criminal

---

rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek
compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals
available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000,
1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any
administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Failure to
satisfy this administrative exhaustion requirement does not deprive the Court of subject-matter jurisdiction, as the
government may waive mandatory claim-processing rules by not timely objecting to a failure of administrative
exhaustion. *See Alam*, 960 F.3d at 833-34.  In this case, the Government does not contest exhaustion, so the Court
proceeds with the understanding that May could move for compassionate release on his own behalf.

history, spanning over a decade, included the aggravated robbery and burglary convictions in 2003 (mentioned above), having weapons while under disability conviction in 2013, multiple convictions of driving under suspension, and multiple convictions of disorderly conduct. (*Id*.) Additionally, the PSI stated that May has a history of violating his PRC, bond, and probation. (*Id*. at ¶¶ 43 and 54.)  The PSI also indicated that May accepted responsibility for his actions. (*Id.* at ¶ 18.)

This Court imposed a 72-month term of incarceration, three years of supervised release with special conditions, and a $100 special assessment. (Doc. 37.)  May is currently 36 years old and has an anticipated release date of November 27, 2021.  *See* https://www.bop.gov/inmateloc. May indicates in the Motion that he has already served a majority of his sentence in custody. (Doc. 51 at PAGEID # 140.)

## II.   ANALYSIS

### A. Legal Standards

A district court has limited authority to modify a sentence.  *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted).  "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."  *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013).  Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i).  At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction.[3]  *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission.  *Id.* at 1108.  At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.  *Id.*  A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps."  *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'"  *Ruffin*, 978 F.3d at 1004.  Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).  But apart from this instruction, "Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison."  *Ruffin*, 978 F.3d at 1003.

[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)."  *Jones*, 980 F.3d at 1108 n. 12.

promulgating general policy statements regarding the sentencing modification provisions in §

3582(c)(1)(A)." *Jones*, 980 F.3d at 1108-09 (alterations adopted) (internal quotation marks

omitted). The Sentencing Commission's policy statement regarding compassionate release under

Section 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines

Manual. *Id.* at 1109; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C.

§ 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since

the First Step Act's passage in December 2018." *Jones*, 980 F.3d at 1109. Therefore, and for

reasons more fully explained in *Jones*, the Sixth Circuit held that—until the Sentencing

Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to

define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases

where an incarcerated person files a motion for compassionate release.[4] *Id.* at 1109-11 ("[u]ntil

the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full

discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies

compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

Regarding the second step, again, the Sentencing Commission's policy statement regarding

compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 980

F.3d at 1109. However, the Sixth Circuit held in *Jones* that "the passage of the First Step Act

rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for

---

[4] In *Elias*, while not mandating that future courts apply the two-part test used by the district court in that case, the Sixth Circuit held that the district court did not abuse its discretion in applying a "two-part test for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520-21 (the district court did not abuse its discretion in relying on that two-part test; the district court properly considered the Centers for Disease Control and Prevention (CDC) guidance in effect at the time, a scientific journal, and information from the BOP concerning the number of reported COVID-19 cases at the prison). Additionally, the Sixth Circuit held that a district court may deny a motion for compassionate release if the defendant does not provide any records in the motion to support his or her claimed medical ailment(s). *Id.*

compassionate release." *Id.*; *see also Elias*, 984 F.3d at 518 ("§ 1B1.13 is not applicable to inmate-filed compassionate-release motions").  Thus, U.S.S.G. § 1B1.13 currently is <u>not</u> an "applicable policy statement[] issued by the Sentencing Commission" in such cases.  18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1101, 1109.  So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act.  *Jones*, 980 F.3d at 1111.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.  The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005.  More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed--
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and
> > >
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > (3) the kinds of sentences available;
> >
> > (4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or

7

post-incarceration conditions, the amount of the sentence that the defendant has served to date,

whether the court varied downward from the guidelines range when imposing the sentence,

whether the defendant has had a drug addiction, the defendant's successful participation in

substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's

successful participation in educational or vocational training while incarcerated, and whether the

defendant took responsibility for his or her actions.  *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at

1008-09.  Of course, not all of these items will be applicable or relevant (or known to the court) in

all cases, and other items may be applicable or relevant.  *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i)

(a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they

are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate

release decision is discretionary, not mandatory."  *Jones*, 980 F.3d at 1106; *see also* 18 U.S.C. §

3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at

1005 (a "district court has substantial discretion" in deciding whether to reduce a term of

imprisonment pursuant to Section 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (a district court may

reduce the term of imprisonment if all three of the substantive requirements are met, "but need not

do so").

### B.  Application

May asks that the Court grant the Motion and "reduce his sentence, to time served, home

confinement, or halfway house."  (Docs. 51 at PAGEID # 136; Doc. 62 at PAGEID # 227.)  May

argues he is at an increased risk of hospitalization and death because he is obese, suffers from

hypertension, and is African-American.  (Doc. 57 at PAGEID # 158-59.)  He further states that the

prison's medical resources have been overwhelmed and he has "not received a medical assessment

8

or treatment for a large growth on his testicles that was causing him pain." (*Id.* at PAGEID #159-60.)  He asserts that "[he] poses little risk of re-offending and is not a danger to public safety." (Doc. 51 at PAGEID # 146.)  Further, he asserts that "a sentence of time served is an appropriate sentence in his case. It would amount to a four-year sentence…and upon release he will be subject to a lengthy term of supervised release." (*Id.* at PAGEID # 145.)  And, the "United States Probation Office could impose restrictions on [him] during the next three years to protect the public." (Doc. 57 at PAGEID # 161.)  May states that Victorville USP, as of December 29, 2020, had 168 active cases of COVID-19 in the inmate population and the prison's medical resources have been overwhelmed with treating virus cases. (*Id.* at PAGEID # 159.)  However, May acknowledges that the Bureau of Prisons ("BOP") has taken precautions to protect inmates from COVID-19. (Doc. 62 at PAGEID # 226.)

In response, the Government argues that this Court lacks the authority to grant May's request for home confinement and that May has not demonstrated that he is eligible for release under § 3582(c)(1)(A) and USSG § 1B1.13. (*See* Doc. 60.)  The Government also asserts that the BOP has taken significant measures to protect inmates and to maximize home confinement during the COVID-19 pandemic, and it argues that the nature and circumstances of May's crimes and his history and characteristics create public safety concerns. (*Id.*)

### 1. Preliminary matter

The Court must first address a preliminary issue before turning to May's request for compassionate release.  May's request that the Court release him to home confinement for the remainder of his sentence amounts to asking the Court to order a change in the place where his sentence will be served, from USP Victorville to his home.  The Court lacks authority to grant such request.  18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the

9

prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP").

### 2.  Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

The Court now turns to May's request for compassionate release through reducing his term of imprisonment pursuant to Section 3582(c)(1)(A)(i).  (*See* Doc. 51 at PAGEID 136.)  Regarding step one, for the purposes of the Court's analysis, the Court will assume—without deciding—that May has demonstrated that suffering from his stated medical ailments during the current COVID-19 pandemic presents an extraordinary and compelling reason for reducing the term of imprisonment.[5]  The Government, in this case, acknowledges that May's obesity presents an extraordinary and compelling reason allowing compassionate release.  (Doc. 60.)  Regarding step two, given that May (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision.  *Jones*, 980 F.3d at 1111.

However, that does not end the Court's inquiry.  There is still the third step: consideration of any applicable Section 3553(a) factors and determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of the case.  *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d

---

[5] The Court emphasizes it has not actually found that any circumstance (separately or combined) alleged by May qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

at 1005 ("[e]ven if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted).

The Court has considered the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered May's history and characteristics, such as his asserted behavior in prison. *See* 18 U.S.C. § 3553(a)(1). May also accepted responsibility for his actions, and he now has served the majority of his prison term. The Court also acknowledges the challenging conditions at Victorville USP during the current COVID-19 pandemic and May's health issues. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1). The offense for which May is currently incarcerated involved unlawful possession of a firearm. This offense is being served concurrently with his offense of assaulting a police officer. (*See* Doc. 37; PSI at ¶57.) Further, May admitted that his possession of the firearm was connected to drug trafficking activity. (Doc. 60.) Additionally, May's criminal history includes prior convictions for burglary, aggravated robbery, and having weapons under disability. (PSI ¶¶ 44, 45, 54.) All of these were serious offenses, and May recognizes that he is asking for a "substantial chance." (Doc. 41 at PAGEID # 146.) May also has a history of violating his PRC, bond, and probation. (PSI at ¶¶ 43 and 54.) All of this concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, May admits that his prison conduct has not been perfect. (Doc. 51 at PAGEID # 146.) Having considered the factors set forth in section 3553(a) to the extent that they are

11

applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted.

In summary, even if steps one and two authorized the requested reduction, the Court finds that consideration of the applicable Section 3553(a) factors warrants denial of the Motion. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

III.  **CONCLUSION**

Although the Court recognizes May's asserted medical ailments and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A).  For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. 51.).[6]

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 29, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[6] The Court acknowledges the valuable contribution and assistance of judicial extern Gwenevier Johnson in drafting this order.